ROSS

*v.*

HUGHES' EX'R *et al.*

(*Supreme Court of Appeals of Virginia, Feb. 4, 1897.*)

[26 S. E. Rep. 825.]

**Claim against Estate—Sufficiency of Evidence—Case at Bar.**

A bill by the administrator of J. to recover of the estate of A. or G. $2,500, the amount of a loan obtained from T., and paid by the proceeds of the sale of land of J. conveyed to T. as security therefor, by deed reciting J. as the principal debtor, and A. as surety, is properly dismissed for insufficient evidence, the theory of complainant being that the money was borrowed for G. or A., his wife, and that one or the other received the benefit of it, and the evidence, besides the recitals of the deed, being the declaration of J. that the money was borrowed for G., and that G.'s estate was liable for it (which, while evidence against complainant so far as the estate of A. is concerned, is not evidence for complainant against the estate of G.); testimony of R., a brother of J., that T. paid the money to G., who borrowed it as attorney in fact for A.; a letter from G. to J., stating, "We" are unable to liquidate incumbrance created for "my" benefit on "your" farm, and that he had therefore prepared a deed conveying certain land to J.; the fact that thereafter G., with the knowledge and without objection of J., conveyed the land mentioned to another person; testimony of T. that the whole $2,500 was paid to J. in person; and the facts that J. was reared and educated by A. and G., and the greater part of the land used as security had been given to J. by G.

Appeal from circuit court, Gloucester county.

Bill by Rhoda Ross, administratrix of Joshua F. Ross, deceased, against Charles E. Thomas, executor of George Hughes, deceased, and others. Bill dismissed, and complainant appeals. Affirmed.

*Maryus Jones*, for appellant.

*John B. Donovan* and *C. E. Cary*, for appellee.

KEITH, P., delivered the opinion of the court.

This is a bill filed in the circuit court of Gloucester county by Rhoda Ross, administratrix of Joshua F. Ross, deceased, to recover the sum of $2,500 and interest, alleged to be due her either from the estate of Annie F. Hughes, deceased, or from that of George Hughes, deceased. The personal representatives and distributees of both estates are made parties. The same plaintiff also filed a petition, alleging the same cause of action in the chancery cause of Hughes' executor against Thompson and others. The defendants answered, denying the plaintiff's right to recover. Proofs were presented, and the cause was referred to a commissioner, who, declining to pass upon the question, submitted the decision of it to the court; and thereupon the court entered a decree rejecting the plaintiff's claim, and dismissing both her bill and petition. From that decree an appeal was allowed by one of the judges of this court.

The facts of the case are as follows : Joshua F. Ross, the plaintiff's intestate, was reared and educated by Annie F. and Geo. Hughes, and the greatest affection seems at one time to have existed between them. On the 31st of July, 1884, Joshua F. Ross executed a deed to Warner P. Roane, conveying his farm therein described in trust, to secure the payment of $2,500 to Morgan Treat. From the terms of this deed it appears that Ross was the principal debtor, and that Annie F. Hughes signed the evidence of the debt as surety. The contention of the complainant, however, is that the money was borrowed either for George Hughes or for Annie F. Hughes ; that one or the other of them received the benefit of the loan ; and that one or the other of them should be required to reim-

burse the estate of Joshua F. Ross, the debt having been paid by the proceeds of the sale of his land.   The burden, of course, is upon the plaintiff to establish this contention.   The answers deny all liability upon the part of the defendants.

Let us first examine the testimony with reference to the alleged liability of the estate of Annie F. Hughes.

We have, in the first place, the recital in the deed of trust executed by Joshua F. Ross, conveying the land to secure the payment of his debt, that Mrs. Hughes was liable for it only as surety.   We have the declaration of Joshua F. Ross that this money was borrowed for and used by George Hughes, and that his estate is liable for it,—a declaration which is evidence against the estate of Joshua F. Ross in so far as it exonerates the estate of Annie F. Hughes, while it is not evidence in favor of the plaintiff's intestate in fixing the liability upon the estate of George Hughes, deceased.   Against this testimony, we have the testimony of Robert Ross, a brother of Joshua, who testifies that Treat paid the money to Mr. Hughes, who borrowed it as attorney in fact for Mrs. Hughes, and that his brother considered the debt as that of Mrs. Hughes ; that she was liable to him for it ; and that he had declared his purpose to bring suit against her estate for its recovery.

If we examine the evidence as to the liability of the estate of George Hughes, we find that it consists of a letter from him, which was filed as an exhibit with the bill and petition.   It is addressed by Hughes to Joshua F. Ross, and in it he says : "The incumbrance created for my benefit on your farm we are unable to liquidate, and therefore I have had Mr. Cooke prepare deed of the Tabb Warehouse, conveying same absolutely to you as an offset against the first-mentioned lien.   *   *   *   I inclose bonds of Parker Marshall for one hundred and fifty dollars, to cover interest up to January, 1887.   *   *   *   I am your affectionate uncle George."

This letter is dated February 1, 1887, and we find that on the

7th of March, 1888, George Hughes conveyed this property, known as the "Tab Lot," to Mrs. Stewart, of Baltimore ; and it further appears that while Joshua F. Ross knew of this conveyance, and participated in the transaction, he never asserted any claim whatever to the property. It will be remembered also that the deposition of Robert Ross, brother of the plaintiff's intestate, and a witness introduced by her, testifies that, in borrowing the money, George Hughes acted as the agent of his wife. It also appears from a letter of Morgan Treat, which was admitted as evidence, that the whole amount of the loan was paid to Joshua F. Ross in person,—$1,000 cash, and a check for $1,500, payable to his order. It is proper also to consider the intimate relations these parties bore to each other, and the fact that the greater part of the property which Joshua F. Ross conveyed in trust to secure this debt was a gift from Hughes to him. In whatever direction, therefore, we turn, the case of the plaintiff seems to be beset with doubt and difficulty ; and the evidence in support of her claim is so contradictory and unsatisfactory as to render it unsafe for the court to render a decree in her favor against the estate of either George Hughes or Annie F. Hughes.

The commissioner in chancery felt these doubts and difficulties, and referred them to the court, and the court solved them by holding that the appellant had not sustained the burden which her position as plaintiff imposed upon her; and had not presented a case upon the proof which entitled her to recover. It therefore dismissed both her bill and petition.

Having thus passed upon the merits of the controversy, we have found it unnecessary to consider the demurrer to the bill and other interesting questions discussed at the bar.

The decree of the circuit court is affirmed.